UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NOEMI HALL,

                      PLAINTIFF,              **COMPLAINT**

       -AGAINST-                       **ECF CASE**

NEW YORK CITY and POLICE OFFICER LAURA
CADAVID, individually, and in her capacity as a member
of the New York City Police Department,

                      DEFENDANTS.


------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Ms. Noemi Hall ("Ms. Hall") seeks relief for the violation of her rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about April 4, 2015, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Ms. Hall to *inter alia* false arrest.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Ms. Hall is a 29-year-old citizen of the United States and at all times here relevant resided at 9-11 East 107th Street, Apt. 5G, New York, NY 10029.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Laura Cadavid ("PO Cadavid") at all times here relevant was a member of the NYPD, and is sued in her individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Ms. Hall is a 29-year-old mother of four children.

11. Ms. Hall was employed as a sales-assistant at Liquor Lords on Clay Avenue in the Bronx.

12. On or about April 3, 2014, Ms. Hall was at work at Liquor Lords.

13. At approximately 11:55 pm, Ms. Hall sold a bottle of peach brandy to a regular customer.

14. Ms. Hall had previously checked this customer's identification and knew that this customer was aged over thirty.

15. After the customer left, several police officers entered the store, including PO Cadavid.

16. The police officers asked to speak to the owner of the store.

17. Ms. Hall was speaking to the owner of the store on her cell phone, so gave the cell phone to one of the police officers.

18. Ms. Hall overheard the police officer tell the owner to come to the store or Ms. Hall would be arrested.

19.  PO Cadavid then informed Ms. Hall that she was going to be arrested for selling alcohol to a minor.

20. Ms. Hall was shocked and asked PO Cadavid who the alleged minor was.

21. PO Cadavid informed Ms. Hall that the last customer in the store was the alleged minor.

22. Ms. Hall told PO Cadavid, in sum and substance, that the last customer was a grown man in his thirties.

23. PO Cadavid told Ms. Hall she would be taken to the precinct where she would be issued a ticket and then released.

24. Ms. Hall was taken outside and handcuffed behind her back.

25. Ms. Hall felt humiliated as a number of customers were gathered outside.

26. Ms. Hall was put inside a police van and taken to the 44th Precinct.

27. At the precinct Ms. Hall was handcuffed to a bench outside of a cell.

28. Ms. Hall felt extremely uncomfortable as the male individuals in the cell could reach out and touch her.

29. After several hours Ms. Hall was processed and given a Desk Appearance Ticket for Unlawfully Dealing With A Child In The First Degree.

30. On or about May 26, 2015, Ms. Hall attended Court and was told her case was not ready to be entered in the system.

31. Ms. Hall was given a telephone number to call to receive an update on her case.

32. In June 2015, Ms. Hall called the number and was told that her case was still not ready to be entered in the system.

33. In July 2015, Ms. Hall called the number and was informed that all of the charges against her were dismissed.

34. Ms. Hall continues to feel traumatized by the events of April 2015, and is wary and fearful when she sees police officers.

35. Ms. Hall takes efforts to avoid police officers when in public.

36. Ms. Hall had planned to take the police entry exam, but no longer plans to do so following this incident.

37. Ms. Hall suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

38. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

39. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

40. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

41. Defendants confined plaintiff.

42. Plaintiff was aware of, and did not consent to, her confinement.

43. The confinement was not privileged.

44. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

45. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

46. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

47. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

48. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

49. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

50. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

51. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

52. Defendants have deprived plaintiff of her right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

53. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of her rights.

54. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

55. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:  New York, New York
August 18, 2015

By:    /s/
Malcolm Anderson (4852)

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075